ENDRES PLUMBING CORP., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28126.) — Appeal from a judgment of the Court of Claims. On December 16, 1940, claimant was awarded a contract for $69,578 to perform the plumbing work on two buildings to be constructed as part of a State mental hospital near Deer Park. A general contractor was engaged to construct the buildings. The completion date for the general contract and for claimant's work was June 1, 1942. The claim against the State is for damages arising from delays purported to be imposed on the claimant by the general contractor and by the State. The Court of Claims has dismissed the claim after a thorough trial; we think the judgment appealed from is justified. A very substantial part of the damage sought by claimant rests upon the theory that the failure of the State to require the general contractor to have the structures in condition to do the plumbing work, in the words of its brief "completely disorganized" its work; that there was "a great deal of lost motion on the part of its employees" and "as a consequence" it had labor costs above its estimates of more than $10,000. This represents over a third of the total claim of $27,920.31. But the Court of Claims could readily have found as a fact there was no such loss established arising from this cause. The State supervisors of the work testified the work done by claimant went along in normal fashion without apparent loss of labor time; and the claimant's own supervisor, who was in active charge of the job and in constant contact with the day by day work, testified that there was no time when there was insufficient work to keep the men under him busy and that in his opinion there was no "lost motion" by reason of the progress of the general contractor. Certainly the court did not have to find on this record that claimant's work was "disorganized" by the general contractor's delay. Hence, a very substantial part of the damage is based on a theory for which it is difficult to find factual support when the record is carefully examined. No doubt the protraction of the work by the general contractor caused increases in the claimant's cost of performance, entirely aside from the theory of "lost motion" in labor; and the overhead and other operational charges were increased somewhat. But the contract contained a clause by which claimant agreed that "no charge or claim for damages shall be made by the contractor for any delay or hindrance from any cause whatsoever". There are instances where, because of some fault or interference of the State, it has been held that recovery would be allowed for delays notwithstanding such a clause. But no good reason has been demonstrated in the record not to give the clause the usual effect which the words would suggest. The delay of the general contractor was due to causes which have not been attributed to interference, intervention or miscalculation by the State. Part of the delay damage claimed is charged by claimant to a failure by the State to let contracts for water lines and sewers so that the work of the claimant could be tested; but the record shows clearly that adequate testing for plumbing installations could be made and was made as far as the work had progressed with other water made available and without sewer connections. The contract specifically provided that if water and sewer facilities were not ready when the fixtures were installed, claimant could obtain final payment and make the tests later. As to some of the specialized fixtures claimant's delay in installing them was due to the difficulty in getting them during the war and could not reasonably be attributed to the State. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [198 Misc. 546.]